IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIDALBERTO MORALES HERNANDEZ,<br><br>       *Petitioner*,<br><br>v.<br><br>KRISTI NOEM, *et al*,<br><br>       *Respondents*. | Civil Action No. 3:26-cv-93<br><br>Hon. William S. Stickman IV |

## ORDER OF COURT

Petitioner Vidalberto Morales Hernandez ("Petitioner") is a native and citizen of Guatamala who entered the United States illegally in 2004. He was detained by U. S. Immigration and Customs Enforcement in August of 2025, and is currently detained at the Moshannon Valley Processing Center. On December 19, 2025, Petitioner requested bond. The immigration judge ("IJ") conducted a hearing on December 29, 2025, and found that Petitioner was not a danger to the public and posed only a moderate risk of flight. Petitioner was, therefore, granted bond in the amount of $12,000.00. Immediately thereafter, Respondents filed a form EOIR-43 Notice of ICE Intent to Appeal Custody Determination thereby invoking the automatic stay provisions of 8 C.F.R. §1003.19(i)(2). Further, on December 30, 2025, an IJ entered an order withdrawing removability pursuant to 8 U.S.C. § 1229b(b)(1). (ECF Nos. 1 and 8). However, because of the automatic stay imposed by 8 C.F.R. § 1003.19(i)(2), Petitioner remains detained. He asks that the Court issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and order his immediate release in accordance with the terms of the bond order issued by the IJ. (ECF No. 1).

The key point of dispute between the parties is whether the automatic stay is legal. Petitioner contends that it is ultra vires, unlawful, and violates his due process rights. Respondents counter that the stay is both constitutional and otherwise lawful. The Court joins a substantial number of district courts which have held that the automatic stay imposed by 8 C.F.R. § 1003.19(i)(2) violates Petitioner's due process rights under the Fifth Amendment. *See Lopez v. Soto*, No. 2:25-cv-16303, 2025 WL 2987485, *2 n.3 (D. N.J. Oct. 23, 2025) (collecting cases). Having been ordered released on bond by an IJ, the Court holds that Petitioner cannot be detained pursuant to the stay.

To the extent that Respondents argue that Petitioner is not subject to bond because his detention is under 8 U.S.C. § 1225, rather than 8 U.S.C. § 1226 (notwithstanding the IJ's determination withdrawing removability pursuant to 8 U.S.C. § 1229b(b)(1)), the Court also rejects that position. Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). The Court joins the overwhelming majority of district courts in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country. The Court disagrees with the decision of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Petitioner's detention is governed by § 1226(a) and he had a statutory right to a bond hearing. He had a hearing and was ordered released on bond. There is no basis for his continued detention.

AND NOW, this 20th day of February 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART. It is GRANTED only in that Petitioner shall be immediately released pursuant to the terms of the bond order issued by the IJ. (ECF No. 1-2). In all other respects, the petition is DENIED.

In light of the recent opinion of the United States Court of Appeals for the Third Circuit, *Abioye v. Warden Moshannon Valley Correctional Center*, --- F.4th ----, 2026 WL 263483 (3rd Cir. Feb. 2, 2026), should he wish to do so, Petitioner shall file any motion for costs and fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) on or before **March 2, 2026**.

    BY THE COURT:

    */s/William S. Stickman IV*
    WILLIAM S. STICKMAN IV
    UNITED STATES DISTRICT JUDGE